UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON R. NORTON,

       Petitioner,

                                              CASE NO. 2:08-CV-12797
v.                                     JUDGE DENISE PAGE HOOD
                                              MAGISTRATE JUDGE PAUL J. KOMIVES

BLAINE C. LAFLER,[1]

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Jason R. Norton is a state prisoner, currently confined at the Carson City Correctional Facility in Carson City, Michigan.

    2.    On March 3, 2005, petitioner was convicted of third degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d, pursuant to his guilty plea in the Oakland County Circuit Court. On March 24, 2005, he was sentenced to a term of 51 months' to 15 years' imprisonment.

    3.    Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claim:

---

[1]By Order entered this date, Blaine C. Lafler has been substituted in place of John Boyton as the proper respondent in this action.

> THE TRIAL COURT ERRED IN SCORING 10 POINTS FOR OV 10 UPON FINDING THAT THERE WAS "PER SE" EXPLOITATION OF A "VULNERABLE" VICTIM DESPITE THE LACK OF ANY EVIDENCE TO SHOW THE VICTIM'S YOUTH WAS "READILY APPARENT" AS THE LAW REQUIRES OR THAT MR. NORTON DID ANYTHING TO MANIPULATE OR OTHERWISE EXPLOIT THE VICTIM'S VULNERABILITY.

After granting petitioner's application for leave to appeal, the court of appeals found no merit to petitioner's claim and affirmed his conviction and sentence. *See People v. Norton*, No. 268223, 2007 WL 914524 (Mich. Ct. App. Mar. 27, 2007) (per curiam).

4. Petitioner sought leave to appeal this issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Norton*, 479 Mich. 868, 735 N.W.2d 263 (2007).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on July 1, 2008. As grounds for the writ of habeas corpus, he raises the claim that he raised in the state courts.

6. Respondent filed his answer on December 9, 2008. He contends that petitioner's claim is not cognizable on habeas review.

7. Petitioner filed a reply to respondent's answer on January 14, 2009.

B. *Factual Background Underlying Petitioner's Conviction*

Petitioner's conviction arises from the sexual assault of Nicole French, who was 14 years old at the time of the offense. As briefly summarized in petitioner's brief on direct appeal:

> On January 6, 2005, an Oakland County Sheriff's Deputy was dispatched to a residence in New Hudson, Michigan in search of a runaway juvenile. *Presentence Report (PSIR) at 2*. After discussing the matter with one of the occupants, the deputy was permitted into the residence and went to a back bedroom, where he encountered 22-year-old Jason Norton and 14-year-old Nicole French, who apparently were in

bed having sex. *Id.*[2]

        Deputies interviewed Ms. French, who told them she had consensual sex with Mr. Norton, and that she had told him she was 17 years old. *Id.* Officers also interviewed Mr. Norton, who explained that he and Ms. French had been in contact over the internet in the previous days, and that she had come over to his house earlier that day. *PSIR*. The two used the computer for a while in his bedroom, until they eventually began having consensual intercourse. *Id.* From the beginning, Ms. French told Mr. Norton she was 17 years old. *Id.*

Def.-Appellant's Br. on App., in *People v. Norton*, No. 268223 (Mich. Ct. App.), at 1.

On March 3, 2005, petitioner pleaded guilty to the charge of third degree criminal sexual conduct, pursuant to a sentencing agreement. As explained by petitioner's counsel, the agreement provided that

> Mr. Norton will tender a plea of guilty to the charge. Our agreement is that the Court will *Cobbs* us to the low end of the guidelines. I anticipate there will be a dispute as to that calculation. Whatever the Court's determination is obviously will determine exactly the length, but the agreement is pursuant to the *Cobbs*, it will be low end of the guidelines.

Plea Tr., at 3.[3] After swearing petitioner, the trial judge explained the agreement to petitioner, and explicitly noted that no particular sentence was contemplated other than a minimum term at the low end of the guidelines, whatever those guidelines were calculated to be:

> THE COURT: You heard use mention a case called *People v. Cobbs* under which the Court's indicated a preliminary intention to sentence you to the bottom of the guidelines. They are currently scored at 72 to 120 months. The determination of the guidelines will be made on the day of sentencing and the *Cobbs* evaluation then is for whatever the bottom turns out to

---

[2]The PSIR indicates that petitioner met the victim through a friend, and that the two communicated over the Internet for several hours. At some point, petitioner sent the victim a picture of his penis. On the date of the incident, petitioner and his friend picked up the victim, because she did not have school.

[3]*People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the actual sentence imposed is more severe.

3

|           |                                                                                                                                                                 |
|-----------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------|
|           | be on the day of sentencing. They may be higher; they may be lower than 72 months. Do you understand that?                                                      |
| DEFENDANT: | Yes.                                                                                                                                                            |
| THE COURT: | As long as I sentence you to the bottom of the guidelines, whatever they are determined to be on the day of sentencing, you're not going to be free to withdraw your guilty plea. If I decide to impose a sentence higher than the bottom of the guidelines as determined on the day of sentence, you would be free to withdraw your guilty plea, but only in that circumstance. Do you understand that? |
| DEFENDANT: | Yes.                                                                                                                                                            |

Plea Tr., at 5. The Court then advised petitioner of the rights he was waiving by pleading guilty, and petitioner indicated that he understood each of these rights. *See id*. at 6-8. Petitioner denied that anyone had threatened him to induce his plea, and confirmed that it was his choice to do so. *See id*. at 8. After eliciting a factual basis for the plea, *see id*. at 8-9, the trial court accepted petitioner's plea.

At sentencing, the trial court scored Offense Variable 10, relation to exploitation of a vulnerable victim, at 10 points. This score, combined with petitioner's Prior Record Variable score of 25 points, yielded a guideline range of 51-85 months' imprisonment for the minimum term. Consistent with the plea agreement and *Cobbs* evaluation, the trial court sentenced petitioner to a term of 51 months' to 15 years' imprisonment. *See* Sentence Tr., at 9, 12-13.

C.  *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas

relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

5

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D. *Analysis*

    1. *Guidelines Scoring*

Petitioner contends that the trial court erred in scoring OV-10 at 10 points. He argues that

6

there was no evidence that he exploited the victim's youth, and that her youth alone is not sufficient for a score of 10 points under OV-10. Under OV-10, a trial court assesses ten points if, in committing the offense, the defendant "exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MICH. COMP. LAWS § 777.40(1)(b). The statute further provides that "[t]he mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability." *Id*. § 777.40(2). The Michigan Court of Appeals rejected petitioner's claim, reasoning:

> It is undisputed that complainant was 14 years old and that defendant was 22 years old at the time the incident occurred. In *People v. Johnson*, 474 Mich. 96, 103; 712 NW2d 703 (2006), a case in which the defendant was 20 years old and the victim was 15 years old, our Supreme Court held that OV 10 was properly scored at ten points because a court could determine that the defendant exploited the complainant's youth. *Johnson, supra*, supports the trial court's scoring of OV 10 at ten points in this case.
> Other evidence supported the trial court's scoring decision as well. Defendant admitted that he had met complainant through a friend, that he and complainant had been in contact over the Internet for several days, and that he had sent her a web cam photo of his penis. Defendant and another man picked up complainant at her home and took her to the location where the incident of unprotected sexual intercourse occurred. This evidence supported the trial court's scoring of OV 10 at ten points.

*Norton*, 2007 WL 914524, at *2, slip op. at 2.

Petitioner's claim that the trial court erred in scoring OV-10 does not raise a cognizable basis for habeas relief. A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court

7

improperly scored the guidelines range raises an issue of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.[4]

2. *Effect of Scoring on Validity of Petitioner's Plea*

To the extent that petitioner is attempting to argue that the trial court's scoring of OV-10 breached the *Cobbs* agreement or rendered his plea involuntary, such a claim is without merit. All involved were in agreement that the plea deal did not include an agreement on the applicable sentence range or on the actual sentence that the trial court would impose. The estimate as to the sentence was not a term of the agreement to which the prosecutor could be held. *See United States v. Oyegbola*, 961 F.2d 11, 14-15 (1st Cir. 1992); *United States v. Fortney*, 957 F.2d 629, 631 (8th Cir. 1992) (per curiam); *cf. United States v. Cavender*, 228 F.3d 797, 803 (7th Cir. 2000) ("Usually, where the sentencing calculations in a plea agreement are described as 'preliminary,' the later

---

[4]Petitioner's reliance on 28 U.S.C. § 994(b)(2) is misplaced. Section 994 defines the duties of the United States Sentencing Commission. Subsection (b)(2) provides that, in formulating the United States Sentencing Guidelines, the Commission shall ensure that "[i]f a sentence specified by the guidelines includes a term of imprisonment, the maximum of the range established for such a term shall not exceed the minimum of that range by more than the greater of 25 percent or 6 months, except that, if the minimum term of the range is 30 years or more, the maximum may be life imprisonment." Relying on this provision petitioner argues that federal law controls state sentencing guidelines and "set the [parameters] for the guidelines of each state." Reply, at 3. The United States Sentencing Guidelines govern sentences in federal courts imposed as a result of convictions for federal criminal offenses, *see* 28 U.S.C. § 994(a); U.S.S.G., Part A. They have no applicability to sentences imposed by state courts for convictions on offenses defined by state law. *See Holt v. Dinwiddie*, No. 04-CV-0491, 2008 WL 4372806, at *5 (N.D. Okla. Sept. 18, 2008). Accordingly, § 994(b)(2) provides no basis for habeas relief.

imposition of a higher sentence does not violate the plea agreement."). On the contrary, the preliminary estimate of the applicable sentence range made at the plea hearing was actually *higher* than the range ultimately determined by the court. Pursuant to the agreement, petitioner was sentenced at the bottom of the calculated guideline range. In these circumstances, there was no breach of the *Cobbs* agreement. *See Wright v. Lafler*, 247 Fed. Appx. 701, 706-07 & n.5 (6th Cir. 2007) (even though counsel made preliminary calculation of 19-38 month guideline range and prosecutor made preliminary calculation of 29-57 month guideline range, sentence of 7-15 years' imprisonment did not breach plea agreement render plea involuntary where the trial court at the plea hearing explained the maximum sentence, indicated that he did not know what the guidelines would be, and confirmed with petitioner that "pursuant to *People v. Cobbs* the only thing that I have agreed about your sentence is it will be within the sentencing guidelines."); *Crable v. Sherry*, No. 2:06-CV-14861, 2007 WL 2983636, at *3 (E.D. Mich. Oct. 11, 2007) (Edmunds, J.) (same conclusion under similar facts). Nor can petitioner show that his plea was involuntary and unknowing because he subjectively believed under the *Cobbs* agreement his sentence would be less, for the same reason he cannot show a breach of the plea agreement. *See Wright*, 247 Fed. Appx. at 706-07; *Crabble*, 2007 WL 2983636, at *3. Accordingly, to the extent petitioner is attempting to argue that the scoring of OV-10 rendered his plea involuntary, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

  3.  *Inaccurate Information*

In his reply, petitioner also suggests that the trial court's scoring of OV-10 was based on inaccurate information, implicitly invoking the rule established in *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972). In both of those cases, "the United States

Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same). *See generally*, *Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41. It is well established, however, that a *Tucker* violation arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

Petitioner contends that the trial court erred in scoring OV-10, because the evidence established only the victim's youth, which alone is insufficient for an assessment of 10 points under OV-10. This argument, however, does not assert reliance on any materially false *factual* assumptions made by the trial court. Rather, it is an argument directed at the legal effect given to the facts by the trial court. And, as noted above, the legal sufficiency of the facts to support a scoring of 10 points under OV-10 is a question of state law which is not cognizable on habeas review. Further, the trial court's drawing of permissible inferences based on the established facts is insufficient to establish that petitioner was sentenced on the basis of material false information

in violation of his right to due process under *Townsend* and *Tucker*. As the Court made clear in *Townsend*, an alleged error by the trial court in resolving a disputed factual question at sentencing does not constitute reliance on materially false information:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741. "Thus, what is essential is that the sentencing judge decide upon the sentence after being made aware of all exculpatory evidence and of the defendant's version of the story." *United States v. Von Saltzer*, 532 F. Supp. 584, 586 (D. Nev. 1982). Here petitioner, through counsel, objected to the scoring of OV-10 and presented his version of the facts. The trial judge, based on the information available, drew inferences from the facts and made factual findings. While petitioner disputes those findings, he has offered nothing to show that they were materially false. Thus, he has failed to establish a due process violation under *Townsend*, and the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.  *Recommendation Regarding Certificate of Appealability*

   1.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S.

880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory

12

committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

If the Court accepts my recommendation on the merit of petitioner's claim, the Court should also conclude that petitioner is not entitled to a certificate of appealability. Petitioner's principal claim is that the state court misscored the Michigan sentencing guidelines. It is beyond debate that such a claim raises an issue of state law that is not cognizable on habeas review. To the extent that petitioner is attempting to use the state court's guidelines scoring to attack the validity of his plea, such a claim is clearly without merit. The plea proceeding made clear to petitioner that the court was agreeing to nothing more than a sentence at the low end of the yet to be determined guidelines range, and petitioner indicated that he understood this fact. Finally, the resolution of petitioner's argument that his sentence was based on inaccurate information is not reasonably debatable. As explained above, petitioner has not pointed to any inaccurate facts relied upon by the trial court, only arguing that the trial court erred in the legal effect given to the facts. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

F. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

13

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 4/19/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and Jason Norton at Carson City Correctional Facility by electronic means or U.S. Mail on April 19, 2010.
>
> s/Eddrey Butts