UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON NORTON,

    Petitioner,                                            Case No. 08-12797
                                                                         Honorable Denise Page Hood

v.

BLAINE C. LAFLER,

    Respondent.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION
AND DENYING CERTIFICATE OF APPEALABILITY**

**I.      INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated April 19, 2010 [Docket No. 10].  Petitioner Jason Norton moved to extend the time to file Objections to the Report and Recommendation which the Court granted.  To date, Petitioner has not filed Objections.

On March 3, 2005, Petitioner entered a plea of guilty before the Oakland County Circuit Court, State of Michigan, to third degree criminal sexual conduct, in violation of M.C.L.A. § 750.520d.  Petitioner was sentenced to a term of 51 months to 15 years of imprisonment on March 24, 2005.  Petitioner filed an application for leave to appeal before the Michigan Court of Appeals, which was denied in an Order dated March 27, 2007.  The Michigan Supreme Court also denied Petitioner's application for a leave to appeal in a standard order dated July 30, 2007.  Petitioner thereafter filed the instant application for a writ of habeas corpus under 28 U.S.C. § 2254 on July 1, 2008.

## II. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C.§ 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to have preserved this right to appeal the Magistrate Judge's recommendation, Petitioner was obligated to file objections to the Report and Recommendation with in fourteen days of service of copy, as provided in Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections were filed to the Magistrates Judge's Report and Recommendation.

### B. Report and Recommendation

The Magistrate Judge recommends that the Court should conclude that Petitioner is not entitled to habeas relief on his only claim that his plea of guilty was based on a promise that he be sentenced to the low end of the sentencing guidelines. Petitioner claims that the guidelines for OV-10, exploitation of a vulnerable victim, were scored improperly. Petitioner asserts that OV-10 cannot be assessed because he did not knowingly manipulate a readily apparent vulnerability of the victim. Petitioner claims the victim, who was 14 years old, told him that she was 17 years old. Petitioner states that without the OV-10 assessment, the guideline range would have been 36-60

months, instead of 51 to 85 months with the scoring of OV-10.

The Court agrees with the Magistrate Judge that Petitioner's claim that the trial court's scoring at OV-10 does not raise a cognizable basis for habeas relief. Federal habeas courts have no authority to interfere with perceived errors in state law unless petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court accepts and adopts the Magistrate Judge's conclusion that an improperly scored guidelines range raises an issue of state law that is not cognizable on habeas review.

The Court also agrees with the Magistrate Judge that to the extent Petitioner is attempting to argue that the trial court's scoring of OV-10 breached the plea agreement under *People v. Cobb,* 443 Mich. 276 (1993), such a claim is without merit since the agreement did not include an agreement on the applicable sentencing range or the actual sentence imposed by the trial court. Petitioner was sentenced at the bottom of the calculated guideline range, in accordance with the plea agreement.

To the extent that Petitioner claims the trial court's scoring of OV-10 was based on inaccurate information, the Court agrees with the Magistrate Judge that the trial judge, based on the information available, drew inferences from the facts and made factual findings. Petitioner has not established a due process violation under *Townsend v. Burke,* 334 U.S. 736 (1948) or *United States v. Tucker,* 404 U.S. 443 (1972).

### C.    **Certificate of Appealability**

The Court agrees with the Magistrate Judge that a Certificate of Appealability should not issue in this case. The Antiterrorism and Effective Death Penalty Act, Section 2253 states, "[a] certificate of appealability may issue.. only if the applicant has made a substantial showing of the

denial of a constitutional right." For the reasons set forth above and in the Report and Recommendation, Petitioner has failed to make a substantial showing that his constitutional rights were violated.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Paul J. Komives' April 19, 2010 Report and Recommendation [**No. 25**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that this habeas action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.


        s/Denise Page Hood
        Denise Page Hood
        UNITED STATES DISTRICT JUDGE


Dated: January 31, 2011


I hereby certify that a copy of the foregoing document was mailed to Jason Norton #528659, Carson City Correctional Facility, P.O. Box 5000, Carson City, MI 48811 the attorneys of record on this date, January 31, 2011, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Relief Case Manager, (313) 234-5165